# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CRIMINAL CASE NO. 1:12-cr-00032-MR-DLH-6

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| MATTHEW PAUL STARNES, ) | |
| ) | |
| Defendant. ) | |

**THIS MATTER** is before the Court on the Defendant's letter, which the Court construes as a motion for a judicial recommendation to the Bureau of Prisons [Doc. 165].

The Defendant pleaded guilty pursuant to a written plea agreement to conspiracy to possess with intent to distribute methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He was sentenced on May 22, 2013 to a term of 87 months' imprisonment. [Doc. 124].

In his motion, the Defendant states that following his sentencing, and while he was in jail awaiting transportation to a Bureau of Prisons (BOP) facility, he was served with a warrant for a state charge of felony assault.[1]

---

[1] The Defendant's Presentence Report notes that there was an outstanding warrant for

The Defendant states that he was ultimately sentenced to 13-16 months by a North Carolina state court, and that he was transferred to a state prison to serve his sentence. The Defendant states that he was then transferred to BOP custody upon the expiration of his state sentence on October 10, 2014.

The Defendant contends that his federal sentence commenced upon the imposition of his sentence on May 22, 2013, and that the BOP has erroneously refused to credit him for the time he served while in state custody. The Defendant requests that this Court make a non-binding recommendation to the BOP that his federal and state sentences should treated as concurrent sentences.

The Court declines to make any such recommendation to the BOP. As the Defendant concedes, the state assault charge is unrelated to the conduct underlying his federal conviction. [Doc. 165 at 1].

Further, the Attorney General, not the sentencing court, is responsible for computing a prisoner's credit. United States v. Wilson, 503 U.S. 329, 335 (1992). A prisoner seeking review of the computation of his sentence credit must first seek administrative review of that computation through the Bureau of Prisoners. Only after such administrative remedies have been exhausted

---

the Defendant for a state charge of felony assault which, as of the date of the PSR, had not been served. [Doc. 107: PSR at 10].

can a prisoner then seek judicial review of his sentence computation. Id. Because "[a] claim for credit against a sentence attacks the computation and execution of a sentence rather than the sentence itself," United States v. Miller, 871 F.2d 488, 490 (4th Cir. 1989), such claims must be raised pursuant to 28 U.S.C. § 2241 in the district of confinement. In re Jones, 226 F.3d 328, 332 (4th Cir. 2000); 28 U.S.C. § 2241(a).

Accordingly, the Defendant should address his inquiry regarding the status of his sentence to the Bureau of Prisons. Once the BOP administrative remedies have been exhausted, he may seek judicial review in the district of his confinement.

**IT IS, THEREFORE, ORDERED** that the Defendant's letter, which the Court construes as a motion for judicial recommendation to the Bureau of Prisons [Doc. 165], is **DENIED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Martin Reidinger
United States District Judge